United States District Court
Southern District of Texas
**ENTERED**
November 08, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RONALD  SANDERS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:19-CV-293 |
| | § | |
| JONATHON A. CHISUM, *et al*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION
TO DISMISS CERTAIN CLAIMS AND TO RETAIN CASE**

Plaintiff Ronald Sanders is a Texas inmate appearing *pro se* and *in forma pauperis*.  He filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff's case is subject to screening pursuant to the Prison Litigation Reform Act.  *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§1915(e)(2), 1915A.  For purposes of screening, Plaintiff has stated a claim of excessive force against **Officer Jonathon A. Chisum** in his individual capacity.  Accordingly, it is respectfully recommended that this claim against **Officer Chisum** be **RETAINED.**  The undersigned will order service on him.

The undersigned further recommends that Plaintiff's claims for money damages against all Defendants in their official capacities be **DISMISSED** as barred by the Eleventh Amendment.  Lastly, the undersigned recommends that Plaintiff's claims against the remaining defendants be **DISMISSED** for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for the reasons set forth below.

## I.      JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.  This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

## II.     PROCEDURAL BACKGROUND AND PLAINTIFF'S ALLEGATIONS

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID) and is currently housed at the McConnell Unit in Beeville, Texas.  Plaintiff's claims in this lawsuit occurred in connection with his current housing assignment.

On October 4, 2019, Plaintiff filed his original complaint against the following TDCJ and McConnell Unit officials: (1) Officer Chisum; (2) Bryan Collier, TDCJ Executive Director; (3) Medical Manager Tanya Lawson; and (4) Captain Morales. Plaintiff primarily alleges that he was subjected to the excessive use of force during a hospital stay at the Beeville Hospital.  Plaintiff seeks injunctive and monetary relief.

A *Spears*[1] hearing was conducted on October 30, 2019.   The following representations were made either at the *Spears* hearing or in Plaintiff's original complaint (D.E. 1):  Plaintiff is 59 years old.  He is 5'8" and weighs 150 pounds.   On November 20, 2018, Plaintiff was transported to the Beeville Hospital where he was diagnosed with a severe colon infection.  Plaintiff's medical condition required him to visit the bathroom every 10-15 minutes.

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *see also Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a *Spears* hearing is incorporated into the pleadings).

During his hospital stay, Plaintiff was placed in both handcuffs and leg shackles. Officer Chisum was one of the McConnell Unit officials charged with guarding Plaintiff during his hospital stay.   Whenever it was his time to guard Plaintiff, Officer Chisum tightened Plaintiff's leg irons and handcuffs.  After Plaintiff complained of the restraints being too tight, Officer Chisum responded that it "was policy."

On one occasion when Officer Chisum was on solo guard duty for a 12-hour night shift, Plaintiff stood up to go to the bathroom.  Plaintiff alleges Officer Chisum grabbed Plaintiff, threw him back on the bed, and told Plaintiff that he had to wait for permission to go.  Plaintiff soiled himself, the bed, and the floor.  Plaintiff otherwise suffered no injuries as a result of being pushed onto the bed.  After explaining the rules about getting permission to use the restroom each time, Officer Chisum allegedly placed handcuffs on Plaintiff so tight that they rubbed sores all the way to the bone and caused extreme pain as well as bleeding.  Officer Chisum kept the tight handcuffs and leg irons on Plaintiff at least 10-11 hours during this 12-hour shift.  Plaintiff experienced several other episodes while Officer Chisum was on duty where he could not make the bathroom in time.

According to Plaintiff, the leg irons placed on him by Officer Chisum in connection with the incident caused a scar on one of his ankles.  In contrast to Officer Chisum's actions, the other officers charged with guarding Plaintiff cleaned his injuries, removed the handcuffs, and placed zip ties on Plaintiff's hands.

Plaintiff was transferred on November 23, 2018 to a San Antonio hospital for further treatment of his colon illness.  Upon arrival at the San Antonio hospital, the medical staff addressed and treated Plaintiff's wrists and ankles which were bleeding and

raw.  Plaintiff was transported back to the McConnell Unit on November 29, 2018.  His wrists were treated at the unit's infirmary with band aids and antibiotic cream.  Plaintiff still has visible scars on his wrists and ankles.  Plaintiff also explained that he has a "numb thumb" as a result of the use of the tight handcuffs.

Plaintiff filed a Step 1 grievance on December 2, 2018.  Captain Morales conducted the investigation and took pictures of Plaintiff's wrists.  However, Plaintiff's Step 1 grievance was rejected based on insufficient evidence to substantiate Plaintiff's claim.  Plaintiff subsequently filed a Step 2 grievance at which time he repeatedly attempted to obtain copies of his medical records from the McConnell Unit, Beeville Hospital, and the San Antonio hospital.  The Step 2 grievance was denied.

Plaintiff sues TDCJ Executive Director Collier in his supervisory capacity as "everybody's boss" in TDCJ.  Plaintiff sues Medical Manager Lawson because all of his medical records from December 2, 2018 through January 6, 2019 could not be found. Plaintiff believes that the loss of such medical records might prejudice him in this case.

Plaintiff sues Captain Morales based on his role in the investigation into Plaintiff's Step 1 grievance.  Plaintiff believes that Captain Morales had the authority to permit the guards at the Beeville Hospital either to loosen or tighten the handcuffs and shackles on Plaintiff during his hospital stay.  However, Plaintiff testified that he did not have any role regarding Officer Chisum's decision to tighten the restraints on Plaintiff during his hospital stay.

### III.    LEGAL STANDARD

When a prisoner seeks to proceed *in forma pauperis* the Court shall evaluate the complaint and dismiss it without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A. *See* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant). A claim is frivolous if it has no arguable basis in law or fact.  *Neitzke v. Williams,* 490 U.S. 319 (1989).  A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998).   A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999).  "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim.  Thus, the Court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* (citations omitted).  "Threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that Defendant is liable. *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The factual allegations must raise Plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not be dismissed. *Id.*

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988). A defendant acts under color of state law if he misuses or abuses official power and if there is a nexus between the victim, the improper conduct, and the defendant's performance of official duties. *Townsend v. Moya,* 291 F.3d 859, 861 (5th Cir. 2002).

## IV.    DISCUSSION

### A.    Eleventh Amendment Immunity and Official Capacity

A suit against a state officer in his or her official capacity is effectively a suit against that state official's office. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). The Eleventh Amendment, however, bars claims for money damages against a state or state agency. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996); *Aguilar v. Texas Dep't of Criminal Justice,* 160 F.3d 1052, 1054 (5th Cir. 1998). As

6 / 13

such, an action for monetary damages against a state official in his or her official capacity is one against the state itself, and is barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). The Fifth Circuit has extended the Eleventh Amendment immunity specifically to TDCJ officers and officials acting in their official capacities. *See Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002) (Eleventh Amendment bars prisoner's suit for money damages against prison officials in their official capacities).

To the extent that Plaintiff sues each Defendant in his or her official capacity for money damages, those claims are barred by the Eleventh Amendment. Thus, it is respectfully recommended that Plaintiff's claims for money damages against Defendants in their official capacities be dismissed as barred by the Eleventh Amendment.

### B.      Excessive Force (Officer Chisum)

Plaintiff claims that Officer Chisum used excessive force against him by subjecting him to restraints on his hands and ankles that were too tight. Inmates have a constitutional right to be free from the use of excessive force. *See Anthony v. Martinez*, 185 F. App'x 360, 363 (5th Cir. 2006). To state an excessive force claim, a plaintiff must show that the force was not applied in a good-faith effort to maintain or restore discipline, but was applied maliciously and sadistically to cause harm, and that the injury he suffered was more than *de minimis* but not necessarily significant. *See Hudson v. McMillian*, 503 U.S. 1, 6-7, 10 (1992). The factors to be considered are: (1) the extent of the injury suffered; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) the threat reasonably perceived by the responsible officials;

and (5) any effort made to temper the severity of a forceful response. *Gomez v. Chandler*, 163 F.3d 921, 923-24 (5th Cir. 1999).

A prison official's "excessive physical force against a prisoner may constitute cruel and unusual punishment when the inmate does not suffer serious injury." *Hudson*, 503 U.S. at 4. In *Wilkins v. Gaddy*, 559 U.S. 34 (2010), the Supreme Court ruled that a district court "erred in dismissing Wilkins' excessive force complaint based on the supposedly *de minimis* nature of his injuries." *Id.* at 40. The Supreme Court explained that "the core judicial inquiry [is] not whether a certain quantum of injury was sustained, but rather 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Id.* at 37 (citations omitted).

Plaintiff alleges that: (1) during his hospital stay on or around November 20, 2018 for treatment in connection with a severe colon infection, Plaintiff was placed in both handcuffs and leg shackles; (2) Plaintiff's medical condition required him to visit the bathroom every 10-15 minutes; (3) whenever it was his time to guard Plaintiff, Officer Chisum proceeded to tighten Plaintiff's leg irons and handcuffs; (4) during one of Officer Chisum's 12-hour night shifts, Plaintiff stood up to go to the bathroom; (5) Officer Chisum grabbed Plaintiff, threw him back on the bed, and told Plaintiff that he had to wait for permission to go; (6) Plaintiff soiled himself, the bed, and the floor; (7) after explaining the rules about getting permission to use the restroom each time, Officer Chisum placed handcuffs on Plaintiff so tight that they rubbed sores all the way to the bone and caused extreme pain as well as bleeding; (8) Officer Chisum kept the tight handcuffs and leg irons on Plaintiff at least 10-11 hours during this 12-hour shift; (9) the

leg irons placed on him by Officer Chisum caused a scar on one of his ankles; (10) when Plaintiff arrived a few days later at the San Antonio hospital, the medical staff addressed and treated Plaintiff's wrists and ankles which were bleeding and raw; (11) Plaintiff's wrists were subsequently treated in the McConnell Unit's with band aids and antibiotic cream; and (12) Plaintiff currently has visible scars on his wrists and ankles as well as "numb thumb" due to Officer Chisum's application of force.   Taken as true, Plaintiff's allegations suggest that Officer Chisum used force maliciously and sadistically and that Plaintiff suffered more than a *de minimis* injury as a result of the use of force.   Thus, it is respectfully recommended that Plaintiff's excessive force claim against Officer Chisum in his individual capacity be retained.

### C.    Remaining Defendants

Plaintiff names several defendants who were either acting in a supervisory capacity or otherwise had no direct involvement in the conduct of which Plaintiff complains.   "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele,* 709 F.2d 381, 382 (5th Cir. 1983).   It is well established that a prison supervisor cannot be held liable for the misconduct of his or her subordinates. *See Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987).   There is no vicarious or *respondeat superior* liability of supervisors under section 1983. *Id.* at 303-04. *See also Carnaby v. City of Houston,* 636 F.3d 183, 189 (5th Cir. 2011) (the acts of subordinates do not trigger individual § 1983 liability for supervisory officials).

"Supervisory officials may be held liable only if: (1) they affirmatively participate in acts that cause constitutional deprivation; or (2) implement unconstitutional policies

that causally result in plaintiff's injuries." *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir. 1992). "Mere knowledge and acquiescence on a supervisor's part is insufficient to create supervisory liability under § 1983." *Doe v. Bailey*, No. H-14-2985, 2015 WL 5737666, at *9 (S.D. Tex. Sep. 30, 2015) (citing *Iqbal*, 556 U.S. at 677).

In this case, Plaintiff sues TDCJ Executive Director Collier because he is the "boss" of the other defendants named in this case. Plaintiff believes TDCJ Executive Director Collier should be held responsible for his subordinates' conduct. Plaintiff fails to allege any facts, however, to suggest that TDCJ Executive Director Collier participated in any acts violating Plaintiff's constitutional rights or implemented a policy resulting in a constitutional injury to Plaintiff. Accordingly, the undersigned respectfully recommends that Plaintiff's claim against this defendant in his supervisory capacity be dismissed with prejudice as frivolous and/or for failure to state a claim.

Plaintiff next sues Captain Morales. While believing that Captain Morales had the authority to direct Officer Chisum to loosen or tighten Plaintiff's restraints, Plaintiff testified that Captain Morales did not provide Officer Chisum with any directions to tighten the restraints on Plaintiff during his stay at the Beeville Hospital. Thus, Plaintiff alleges no facts to suggest that Captain Morales participated in any acts to violate Plaintiff's constitutional rights.

Plaintiff further sues Captain Morales based on his role in the investigation into Plaintiff's Step 1 grievance. Accepted as true, however, such allegations fail to state a cognizable constitutional claim. *See Jones v. North Carolina Prisoners' Labor Union, Inc.,* 433 U.S. 119, 138 (1977) (Burger, C.J., concurring) (applauding institution of

grievance procedures by prisons but noting that such procedures are not constitutionally required); *Geiger v. Jowers,* 404 F.3d 371, 374 (5th Cir. 2005) (prisoners do not have a federally protected liberty interest in having grievances investigated, let alone resolved in their favor); *Mahogany v. Miller*, 252 F. App'x 593, 595 (5th Cir. 2007) (holding that the plaintiff had no actionable § 1983 claim based on prison officials' failure to process his grievances because he had no protected liberty interest in the processing of grievances). The undersigned recommends, therefore, that Plaintiff's claims against Captain Morales be dismissed as frivolous and/or for failure to state a claim.

Lastly, Plaintiff sues Medical Manager Lawson because all of Plaintiff's medical records from December 2, 2018 through January 6, 2019 could not be found. Plaintiff believes that the loss of these medical records might prejudice him in this case. Accepted as true Plaintiff's allegations fail to suggest that Medical Manager Lawson violated Plaintiff's constitutional rights in any fashion. Accordingly, the undersigned recommends that Plaintiff's claims against Medical Manager Lawson be dismissed as frivolous and/or for failure to state a claim.

## V.    RECOMMENDATION

For purposes of § 1915A, Plaintiff has stated sufficient facts that, if true, state an excessive force claim against **Officer Chisum** in his individual capacity. Accordingly, it is respectfully recommended that this claim be **RETAINED.** The undersigned will order service as to **Officer Chisum** by separate order.

The undersigned further recommends that Plaintiff's claims for money damages against all Defendants in their official capacities be **DISMISSED** as barred by the

Eleventh Amendment.   Lastly, the undersigned recommends that Plaintiff's claims against the remaining defendants be **DISMISSED** for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

Respectfully submitted this 8th day of November 2019.

Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).